IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DUNHAM-BUSH, INC.,

      Plaintiff,                                                   03cv1906

    v.

WESTINGHOUSE AIR BRAKE
TECHNOLOGIES CORPORATION,

      Defendant.

ORDER OF COURT

By Order of March 1, 2007 (doc. no. 17), upon consideration of defendant's motion for confirmation of the arbitration award and plaintiff's response entitled, "Plaintiff Appears Specially to Answer Plaintiff's Motion for Confirmation of Arbitration Award and to Deny Jurisdiction and Venue as well as to Deny Arbitrability and an Arbitrator's Jurisdiction to Manifestly Disregard or Circumvent Pennsylvania Law that was Brought to his Attention Concerning the Application of Indemnity and Defense Issues," this Court granted defendant's motion for confirmation of the arbitration award. The Court therefore ordered that the arbitration award of August 31, 2006 be confirmed and entered judgment in favor of Westinghouse Air Brake Technologies Corporation, and against Dunham-Bush Inc., in the amount of $18,635.00. On March 15, 2007, plaintiff filed the instant motion entitled, "Motion to Correct Court Confirmation of Arbitration Award, or in the Alternative to Find that the Arbitrator Exceeded His Authority Through Manifest Disregard of the Law and Ruling on Indemnification and Defense That Is Not in the APA Involved," (doc. no. 22) and, on March 26, 2007, defendant filed its response thereto (doc. no. 26). This Court will construe the instant motion as a motion to alter judgment/motion for reconsideration.

Pursuant to Fed. R. Civ. Pro. 59(e), a motion to alter judgment (motion for reconsideration) will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice.  *Reich v. Compton*, 834 F.Supp. 753, 755 (E.D.Pa.1993) (citing *Dodge v. Susquehanna Univ.*, 796 F.Supp. 829, 830 (M.D.Pa.1992)), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir.1995).  Motions for reconsideration should not, however, relitigate issues already resolved by the Court.  *Compton*, 834 F.Supp. at 755.

Plaintiff's current motion seeks to undo the award of the arbitrator - - which this Court views as nothing more than an attempt to relitigate issues that were already resolved by the arbitrator and confirmed by this Court.   Plaintiff has raised no intervening changes in controlling law, no new evidence, or no clear errors of law in support of its motion.

Accordingly, for these reasons, plaintiff's motion (deemed a motion to alter judgment) (doc. no. 22) is DENIED.

    SO ORDERED this 28th day of March, 2007.

    s/Arthur J. Schwab
    Arthur J. Schwab
    United States District Judge

cc:    All counsel of record